FERN STROUD
OAKLAND, CA 94612 1108 10th St.
EMAIL:
STROUDMGMTENT@GMAIL.COM
TEL: (510) 717-0723

FILED
MAR 17 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Paid
NP
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERN STROUD<br><br>Plaintiff,<br><br>v.<br><br>APRIL D. RICHMOND, Sip and Swirl Events, Et. Al,<br>and DOES 1-10<br><br>Defendants.<br>_______________________________/ | CASE NO. C17- 1469 KAW<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND INJURY TO BUSINESS REPUTATION<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Fern Stroud, in pro per, as and for my complaint against Defendants, April D. Richmond, Sip and Swirl Events, Et. Al, (hereinafter collectively referred to as "Defendants" or individually by Last Name), alleges as follows:

## JURISDICTION AND VENUE

1. Trademark infringement/false endorsement, federal trademark dilution, and federal statutory unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. (the

"Lanham Act"), and specifically 15 U.S.C. § 1125, and California state common law trademark infringement, injury to business reputation and interference with prospective economic advantage, and statutory unfair competition.

2. This court has original subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a) and (b), and 15 U.S.C. § 1121 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. This court has personal jurisdiction over the Defendants, all of whom, on information and belief, reside in the state of California. In addition, defendants do business in the state of California and have appeared in public as "Urban Vines" within the state, and events giving rise to the cause of action have occurred within California.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), in that, on information and belief, all Defendants reside within the State of California. Additionally, the principal events complained of have and will occur in this District.

## NATURE OF ACTION

5. This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' infringement of Federal and California state statutory and common law rights of Plaintiff and the common law trademark "Black Vines". Plaintiff is the founder, creative director, and lead content manager for the brand "Black Vines" which promotes wine tasting, networking, and social gatherings to highlight the ethnic diversity of the wine makers in Oakland, CA and abroad.

Throughout the brands existence, plaintiff has been the primary creative director of the brand. Plaintiff registered the web domain name, designed the logo, determined the brands products and services, and negotiated and signed all of its marketing contracts, and determined the brands creative direction. Plaintiff created and directed all of the brands promotions and events and wrote all of the brands published articles. Plaintiff is and has always been the original and sole content manager and promoter of the brand throughout its existence. Plaintiff is also the sole individual to exercise control over the quality of the brands service. Accordingly, plaintiff is the owner of the common law trademark in the name "Black Vines."

6. The individual Defendants, April D. Richmond, Sip and Swirl Events, Et. Al, seek to promote and market a brand as "Urban Vines" without my consent. This is confusingly and deceptively similar to plaintiff's "Black Vines" mark (attached hereto as exhibit A), and also constitutes a reproduction or imitation thereof. Defendants have recently announced that they will launch a wine tasting event promoting the brand "Urban Vines" on February, 26th 2017 which is exactly one day after plaintiff's wine tasting event promoting the brand "Black Vines" on February 25th 2017. The Defendants, by promoting and announcing their intent to launch a brand under the name "Urban Vines", the Defendants have infringed upon and diluted the value of the trademark rights owned by Plaintiff.

## PARTIES

7. Plaintiff Fern Stroud is the founder and creative director of the brand "Black Vines". Plaintiff founded the brand in 2010. Over the past 7 years the brand has experienced astonishing success, and also faced difficult challenges. Through both success and difficulty, Plaintiff has been the sole creative director and manager of the brand.

8. In February, 2016, Defendant, April D. Richmond, Sip and Swirl Events, Et. Al, began promoting the brand "Urban Vines" without plaintiff's knowledge, and is currently using the name "Urban Vines", without plaintiff's consent.

13. In July of 2011, "Black Vines" gained mainstream notoriety and tons public feedback after announcing the worlds first brand and social event dedicated to promoting black/urban winemakers.

14. In January 2016, Plaintiff was informed that someone was infringing upon the mark "Black Vines" and call it "Urban Vines", and that their intent, and concept for the brand and the brand description was strikingly similar to "Black Vines".

15. In January, 2016, Plaintiff sent the Defendants a "Cease and Desist" letter informing them of their infringement upon the common law trademark rights via email, Defendants did not accept.

16. In December, 2016, Plaintiff sent the Defendants a second "Cease and Desist" letter, notifying them of their infringement upon the common law trademark rights. Defendants have yet to respond and have continued to dilute and infringe upon plaintiff's common law trademark "Black Vines".

17. Despite several attempts plaintiff has made to notify defendants. Defendants have yet to respond and have continued to dilute and infringe upon plaintiff's common law trademark "Black Vines".

18. Defendants market and promote their content and advertising products to the same types of wholesale, retail and distribution channels and to the same classes of purchasers as my products and services.

19. Defendants wrongful use of plaintiff's mark is likely to cause confusion, mistake, or deception in the minds of the public, and will result in the dilution and tarnishment of the mark. Defendants infringement constitutes a willful and malicious violation of plaintiff's trademark rights, aimed at preventing plaintiff from continuing to build a business around a mark that plaintiff has long possessed and depriving plaintiff of nearly six years of goodwill.

20. Defendants do not own the trademark to the name "Urban Vines". It is well settled in the Ninth Circuit that, with respect to a trademark dispute over ownership of a mark, "a person who remains continuously involved with the group and is in a position to control the quality of its services retains the right to use the mark". *Robi v. Reed,* 173 F.3d 736, 741. As with the prevailing party in *Robi*, Plaintiff "founded the group, gave the group its name, managed the group, and is the only member who has continuously performed with the group" throughout its existence. *Id.* Accordingly, it is Plaintiff, not Defendants, who owns the right to the "Black Vines" trademark.

FIRST CAUSE OF ACTION

TRADEMARK INFRINGEMENT
(15 U.S.C. § 1125(a))

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

22. Plaintiff is the founder and sole creative director of the brand "Black Vines". From the brands inception, Plaintiff exerted creative control over the brand, coined the name and determined the brands creative direction, Plaintiff owns the common law trademark to the name "Black Vines".

23. By intentionally using a mark similar to plaintiff's "Black Vines" common law trademark in commerce to promote their brand and its content, advertising products and services, and other items displaying a mark deceptively similar to plaintiff's mark without permission, Defendants are deliberately, intentionally and willfully infringing upon plaintiff's common law trademark, and the goodwill associated by the public with plaintiff's mark, diluting the value of the mark and creating confusion in the mind of the consuming public regarding which brand they are going to be browsing.

24. Upon information and belief, if not preliminarily and permanently enjoined by this Court, Defendants will continue to advertise and display, and will sell, distribute and otherwise exploit my common law trademark for their own commercial use in violation of my rights under Lanham Act, 15 U.S.C. § 1125(a) for which Plaintiffs have no adequate remedy at law.

SECOND CAUSE OF ACTION

DILUTION OF UNREGISTERED TRADEMARK

15 U.S.C. § 1125(c)

25. Plaintiff incorporates by reference the allegations contained in Paragraphs 1through 25 of this Complaint as if fully set forth herein.

26. Defendants' deliberate, intentional and willful use of the deceptive mark "Urban Vines" to market and promote their brands content, advertisement products and services using the deceptive mark has resulted in actual dilution of plaintiff's common law trademark "Black Vines" by blurring and tarnishment, in violation of 15 U.S.C. § 1125(c). Defendants have blurred and tarnished the distinctive quality of goodwill of the "Black Vines" mark by their creation of a second mark and brand that is deceptively and confusingly similar to plaintiff's common law trademark "Black Vines" is detrimental, causing irreparable harm to plaintiff.

27. By reason of the foregoing, Defendants have deliberately, willfully and knowingly diluted and threatened to further dilute plaintiff's common law trademark rights in commerce, in order to intentionally deceive and mislead consumers and the public at large, and thereby have willfully usurped the goodwill and reputation associated with plaintiff's mark.

28. Upon information and belief, unless preliminarily and permanently enjoined by this Court, Defendants will continue to dilute, and cause serious and irreparable harm and damage to the reputation and goodwill associated with plaintiff's mark for which there is no remedy at law.

THIRD CAUSE OF ACTION
FALSE DESCRIPTION

29. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

30. Defendants' use of the "Urban Vines" mark is such a colorable imitation and copy of plaintiff's common law trademark "Black Vines" established in the entertainment and wine tasting event market for consumer products that Defendants' use of the "Urban Vines" mark thereof in context of wine tasting and social events is likely to cause confusion, or to cause mistake, or to deceive consumers as to the connection or association of plaintiff's products and services. Plaintiff avers that Defendants' use of the mark "Urban Vines" comprises a false description of Defendants' business or services under 15 U.S.C.§ 1125(a)(Section 43(a) of the Lanham Act).

FOURTH CAUSE OF ACTION
COMMON LAW TRADEMARK INFRINGEMENT

(California Common Law)

31. I incorporate by reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

32. This cause of action under California state common law is separate and independent of the federally- based causes of action previously set forth herein, but is between the same parties and

is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

33. As set forth above, plaintiff resides and does business in the State of California, where plaintiff owns the common law trademark rights throughout the united states in the "Black Vines" trademark for the purposes of advertising and marketing plaintiff's brands content advertisement products and services and the sale of goods related to plaintiff's brand.

34. Defendants' use of the deceptive mark "Urban Vines" in connection with the marketing and promotion their brand and its content in the State of California and elsewhere in the United States, is likely to cause and has caused confusion among consumers, all to plaintiff's detriment.

35. Upon information and belief unless, preliminarily and permanently enjoined by this Court, Defendants will continue their aforesaid willful and deliberate infringement of plaintiff's trademark "Black Vines".

FIFTH CAUSE OF ACTION
CALIFORNIA UNFAIR COMPETITION
(Cal. Bus Prof code 17200 et seq)

36. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of this
Complaint as if fully set forth herein.

37. This cause of action under California state common law is separate and independent of the federally- based causes of action previously set forth herein, but is between the same parties and is based on the same operative facts as set forth in the prior causes of action; this Court accordingly has supplemental jurisdiction over said claim.

38. California Business and Professions Code Section 17200 provides that any "unlawful unfair or fraudulent business act or practice" or any "unfair, deceptive, untrue or misleading advertising" constitutes unfair competition under the statute.

39. California Business and Professions Code Section 17203 provides that any "person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction".

40. Defendants' unlawful acts complained of herein constitute unfair competition pursuant to the California Business and Professions Code, and plaintiff seeks to enjoin Defendants from further infringement of the trademark in the name "Black Vines".

SIXTH CAUSE OF ACTION

COMMON LAW INJURY TO BUSINESS REPUTATION AND INTETFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

41. Plaintiff repeats and incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 25.

42. Plaintiff alleges that Defendants' wrongful use of the trademark inures to and creates injury to plaintiff's business reputation because any adverse reaction by the public to the Defendants and the quality of its products and the nature of its products and services and the nature of its business will injure plaintiff's business reputation and the goodwill plaintiff enjoys in connection with the mark "Black Vines". Also the confusion created in the mind of the public regarding which brand is authentic injures plaintiff's business reputation. All the forgoing has caused plaintiff damage.

PRAYER FOR RELIEF

Wherefore, plaintiff prays for judgment against DEFENDANTS, as follows:

1. The Defendants, APRIL D. RICHMOND, Sip and Swirl Events, Et. Al, and DOES 1-10, and their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:

a) Using any trademark that imitates or is confusingly similar to or in any way similar to plaintiffs trademark "Black Vines," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of plaintiff's brand or plaintiff's connectedness to Defendants.

b) that Defendants remove the confusing and deceptively similar mark "Urban Vines" from any and all brands or social networking profiles under their control.

c) that Defendants withdraw cancel and delete any corporate names, domain names, social networking profiles, trademark applications and trademark registrations, for the "Urban Vines" mark.

2. The defendants be required to file with the Court and serve plaintiff within (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. That Defendants be held liable for all damages plaintiff has suffered resulting from the acts alleged herein;

4. That Defendants be compelled to disgorge any amount of investment capital derived from the illegal acts complained of herein;

5. For an order pursuant to 15 U.S.C. 1119 cancelling any registration for any mark related to this Complaint;

6. For damages not less than $500,000 and to the extent permitted by law;

7. For such other and further relief as the Court deems just and proper.

Dated: ~~March 14, 2016~~ F.S
March 17th, 2017

By [signature]
Fern Stroud, Plaintiff.