United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERN STROUD, <br>     Plaintiff, <br> v. <br> APRIL D. RICHMOND, et al., <br>     Defendants. | Case No. 4:17-cv-01469-KAW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 11 |

On June 9, 2017, Defendant April Richmond filed a motion to dismiss Plaintiff Fern Stroud's complaint for trademark infringement. (Def.'s Mot., Dkt. No. 11.)

On August 31, 2017, the Court held a hearing, at which Defendant did not appear, and, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss.

## I. BACKGROUND

On March 17, 2017, Plaintiff Fern Stroud filed a complaint for trademark infringement, trademark dilution, unfair competition, and common law injury to business reputation and interference with prospective economic advantage against Defendant April D. Richmond. (Compl., Dkt. No. 1.) Plaintiff is the founder, creative director, and lead content manager for the brand "Black Vines," which promotes wine tasting, networking, and social gathering to highlight the ethnic diversity of the wine makers in Oakland, California and abroad. (Compl. ¶ 5.) Founded in 2010, Plaintiff alleges that she has acquired a common law trademark for "Black Vines." (Compl. ¶¶ 5, 7.)

Defendant April D. Richmond runs Sip and Swirl Events, which has promoted and marketed a wine tasting event called "Urban Vines" since 2016. (Compl. ¶¶ 6, 8.) One such event

1  was marketed for February 26, 2017, which was one day after a Black Vines event. *Id.* Plaintiff

2  contends that the names are confusingly similar and that the use of "Urban Vines" infringes on the

3  Black Vines trademark and serves to dilute the value of the mark. *Id.*

4  On June 9, 2017, Defendant filed a motion to dismiss.[1] (Def.'s Mot., Dkt. No. 11.) On

5  June 23, 2017, Plaintiff filed a response. (Pl.'s Opp'n, Dkt. No. 17.) On July 6, 2017, Defendant

6  filed a reply. (Def.'s Reply, Dkt. No. 19.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court

---

[1] The Court notes that the motion to dismiss was filed late, but, given that Defendant is proceeding pro se, will still consider the motion as if it were timely filed. The parties are advised, however, that they must file all documents in a timely matter going forward or else risk the waiver of their respective rights.

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Defendant seeks to dismiss all claims on the grounds that Plaintiff "has knowingly and purposefully included false testimony in her complaint and omitted key and pertinent information regarding this complaint." (Def.'s Mot. at 3.) She then recounts her version of the facts in support of non-infringement. *Id.* at 3-4. In her reply, Defendant argues, for the first time, that Plaintiff's trademark infringement claim is not meritorious. (Def.'s Reply at 2.) As an initial matter, it is procedurally improper to make legal arguments for the first time in a reply brief, because it deprives the opposing party of the opportunity to address the arguments in their opposition to the respective motion. Regardless, by arguing additional facts that are favorable to her, Defendant is seeking to impermissibly dismiss the claims based on facts not contained in the complaint, thereby converting the motion to dismiss into a motion for summary judgment. Motions to dismiss require that the court assume that all facts alleged in the complaint are true. Thus, the Court cannot grant the motion on those grounds.

Even if the Court could consider the additional facts provided in defense of the trademark

3

infringement claim, the facts themselves are disputed. "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)(quoting *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999)). As a result, the merits of trademark infringement claims must usually be resolved by a jury, rather than by the court on summary judgment. Thus, it would certainly be improper to resolve the trademark infringement claim on a motion to dismiss. At the hearing, Plaintiff informed the Court that her trademark is now registered with the U.S. Patent and Trademark Office. Accordingly, Plaintiff is granted leave to amend to this cause of action to state that her trademark is now registered.

Additionally, for the first time in her reply, Defendant argues that Plaintiff's second cause of action for trademark dilution fails to allege that it is famous, thereby failing to state a claim. (Def.'s Reply at 3.) Indeed, Plaintiff does not allege that the mark is famous, and, therefore, has not properly alleged her trademark dilution cause of action. At the hearing, Plaintiff conceded that the brand may not be sufficiently famous. Accordingly, the Court dismisses the trademark dilution cause of action with leave to amend. The Court notes that trademark dilution is more difficult to prove than the trademark infringement standard of consumer confusion, because Plaintiff will have to prove that her mark is famous to a large audience. In order for a mark to be famous, it must be "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2). The following four factors are relevant to determining if a mark "possesses the requisite degree of recognition" needed for a dilution claim:

> (1) the duration, extent and geographic reach of advertising and publicity of the mark, and whether it is advertised or publicized by the owner or third parties;
> (2) the amount, volume and geographic extent of sales of goods or services offered under the mark;
> (3) the extent of actual recognition of the mark; and
> (4) whether the mark is federally registered.

15 U.S.C. 1125(c)(2). If Plaintiff does not believe that she can properly allege that her mark is famous, she should not amend the second cause of action.

///

4

## IV. CONCLUSION

In light of the foregoing, Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Specifically, the second cause of action for trademark dilution is dismissed with leave to amend. The motion to dismiss the trademark infringement claim is DENIED, but Plaintiff is permitted to amend this claim to state that it is now registered. Plaintiff shall file a first amended complaint by **September 20, 2017**.

In amending her complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: August 31, 2017

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge